IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TIMOTHY CHESNUT and JUSTIN BLAKE TOLAND, as Surviving Children of Lori Carroll, and on behalf of the Estate of LORI CARROLL, | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. 4:15-CV-166-CDL |
| v. | ) | |
| CORRECTIONAL HEALTHCARE COMPANIES, INC. (a/k/a "CHC"), SAI NANDAMURU, M.D. and MARY WOODS, L.P.N., | ) | |
| Defendants. | ) | |

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW Plaintiff Monica Robinson and hereby submits the attached Requests for Charge numbered 1 through 12.

Respectfully submitted this 26th day of July, 2017.

/s/ Craig T. Jones
Attorney for Plaintiff
Ga. Bar. No. 399476

THE ORLANDO FIRM, P.C.
Decatur Court, Suite 400
315 West Ponce de Leon Avenue
Decatur, GA 30030
(404) 373-1800
craig@orlandofirm.com

## PLAINTIFF'S REQUEST FOR CHARGE NO. 1

GENERAL PATTERN CHARGES TO BE GIVEN VERBATIM

### 1.1 General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the

court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, [name of plaintiff], claims the Defendant, [name of defendant], [describe claim(s)]. [Name of defendant] denies those claims and contends that [describe counterclaims or affirmative defenses].

Burden of proof:

[Name of plaintiff] has the burden of proving [his/her/its] case by what the law calls a "preponderance of the evidence." That means [name of plaintiff] must prove that, in light of all the evidence, what [he/she/it] claims is more likely true than not. So, if you could put the evidence favoring [name of plaintiff] and the evidence favoring [name of defendant] on opposite sides of balancing scales, [name of plaintiff] needs to make the scales tip to [his/her/its] side. If [name of plaintiff] fails to meet this burden, you must find in favor of [name of defendant].

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of

the evidence.

[Optional: On certain issues, called "affirmative defenses," [name of defendant] has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts [name of defendant] must prove for any affirmative defense. After considering all the evidence, if you decide that [name of defendant] has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.]

[Optional: [Name of defendant] has also brought claims for relief against [name of plaintiff] called counterclaims. On these claims, [name of defendant] has the same burden of proof that [name of plaintiff] has for [his/her/its] claims.]

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and

observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, [name of plaintiff] will present [his/her/its] witnesses and ask them questions. After [name of plaintiff] questions the witness, [name of defendant] may ask the witness questions – this is called "cross-examining" the witness. Then [name of defendant] will present [his/her/its] witnesses, and [name of plaintiff] may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**3.1 Introduction**

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**3.2 The Duty to Follow Instructions – No Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law –

and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

**3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of

witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

***(if adjusted to the evidence)***

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide

whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**3.6.1 Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the [Plaintiff] to prove every essential part of [her] claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that [the Plaintiff's] claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the [Plaintiff].

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of [the Plaintiff's] claim[s] by a preponderance of the evidence, you should find for the [Defendant] as to that claim.

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. [Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## PLAINTIFF'S REQUEST FOR CHARGE NO. 2

PATTERN CHARGE ADJUSTED TO FACTS OF CASE

### 5.4 Civil Rights – 42 U.S.C. § 1983 Claims – Eighth or Fourteenth Amendment Claim – Convicted Prisoner or Pretrial Detainee Alleging Indifference to Serious Medical Need

In this case, the Plaintiffs, Tim Chesnut and Justin Blake Toland, claim that Defendants Dr. Said Nandamuru and Nurse Mary Woods, while acting under color of law, violated their mother's rights under the United States Constitution and caused her death.

The United States Constitution provides that anyone who is in jail is entitled to necessary medical care, and a jail medical provider or other staff member violates that right by being deliberately indifferent to a prisoner's serious medical needs.

A person may sue in this court for an award of money damages against anyone who, under color of law, intentionally violates that person's rights under the United States Constitution.

To succeed on this claim, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First: That Lori Carroll had a serious medical need;

Second: That Dr. Nandamuru and/or Nurse Woods knew that Lori Carroll had a serious medical need that posed a risk of serious harm;

Third: That despite having such knowledge, Dr. Nandamuru or Nurse Woods failed to provide or get necessary medical care for

Lori Carroll's serious medical need in disregard or indifference to the risk of serious harm; and

Fourth: That Dr. Nandamuru and/or Nurse Woods were acting under color of law when they failed to provide or get necessary medical care for Lori Carroll's serious medical need.

For the first element, Monica Robinson must prove a serious medical need. A "serious medical need" is a medical condition that a physician has diagnosed as requiring treatment or a medical condition that is so obvious that even a lay person would easily recognize the need for medical care. In either case, the medical condition must have posed a substantial risk of serious harm to Monica Robinson if left unattended.

For the second element, you must determine whether Dr. Nandamuru and/or Nurse Woods knew that Lori Carroll had a serious medical need and required immediate attention. Put another way, it is not enough to show that Dr. Nandamuru or Nurse Woods were merely negligent and should have known about Monica's need. And it is not enough to show that a reasonable person would have known of the serious medical need. Rather, it must be shown that the Defendant medical providers actually knew about Ms. Carroll's serious need for medical attention in order to show a violation of the Constitution. While negligence is enough to hold a medical provider liable for medical malpractice, that is another claim that I will get to in a few minutes and right now I am only talking to you about what it takes to show a violation of Ms. Carroll's federal constitutional rights.

For the third element, to decide whether Dr. Nandamuru and/or Nurse Woods were deliberately indifferent to Lori Carroll's serious medical need, you may consider all the relevant circumstances including the seriousness of Ms. Carroll's medical and psychiatric condition, the length of any delay in providing her with medical care, and the reasons for any delay. But the law does not require that Monica Robinson receive the most advanced medical response to her serious medical need.

For the fourth element, there is no dispute that Dr. Nandamuru and Nurse Woods acted under color of law because they were working under a contract with the county to provide medical services in the jail on behalf of the government, so you should accept as a proven fact that they were acting under color of law and are thus governed by the Constitution.

If you find in Plaintiffs' favor with respect to each of the facts that they must prove, you must then decide the issue of compensatory damages. To recover compensatory damages, Plaintiffs must prove by a preponderance of the evidence that the deliberate indifference of Defendants Nandamuru and Woods proximately caused damage to Lori Carroll.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Lori Carroll's damages – no more, no less. You must not impose or increase these compensatory damages to punish or penalize the Defendants, although I will talk to you about punitive damages later.

And you must not base these compensatory damages on speculation or guesswork.

But compensatory damages are not restricted to actual loss of money – they also cover the physical aspects of the injury. The Plaintiffs do not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate the Plaintiffs for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Plaintiffs have proven them by a preponderance of the evidence, and no others:

(a) Wrongful death damages for the full value of the life of Lori Carroll, both economic and noneconomic, in an amount to be determined by your enlightened conscience as jurors, which is recoverable by Plaintiffs as her surviving sons; and

(b) General damages for Lori Carroll's conscious pain and suffering, include physical pain as well as mental anguish and emotional distress, in an amount to be by your enlightened conscience as jurors, which is recoverable by her estate. Fear, worry, anxiety and stress are examples of such emotional harm.

**Punitive Damages:** Plaintiffs also claim that the acts of Defendants or their employees were done with malice or reckless indifference for the consequences, which would entitle Plaintiffs to an award of punitive damages in addition to compensatory damages. The Plaintiffs must prove by a preponderance of the evidence that he is entitled to punitive damages.

If you find for the Plaintiffs and find that one or more Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights, the law allows

you, in your discretion, to award Plaintiff punitive damages as a punishment for Defendants and as a deterrent to others.

Furthermore, punitive damages are authorized under Georgia law where "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."1

If you find that Plaintiffs should recover punitive damages from any of the Defendants, you should check the "yes" blank on the verdict form. If you decide in your discretion not to award punitive damages, then you should check the "no" blank on the verdict form.

**[NOTE TO COURT: The Court is requested *not* to instruct the jury that there will be a second phase if they check "yes," so that the decision on punitive damages will not be unduly influenced by the jurors' desire to go home. If the jury decides "yes" on punitive damages, Plaintiff requests that the amount of such award be determined in a second phase of deliberations as contemplated by Georgia law under O.C.G.A. 51-12-5.1, at which time the Court should give the charge below from the Eleventh Circuit pattern instructions.]**

**PUNITIVE DAMAGES, Phase Two:** Now that you have found that punitive damages should be assessed, you may consider the evidence regarding the Defendant[s]' financial resources in fixing the amount of punitive damages to be

awarded. You may also assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts. You should fill in the amounts to be awarded, as appropriate, in the space provided on the second verdict form that you will be given.

**[NOTE: Defendants are encouraged to submit their own Phase Two charges that address constitutional concerns by including suggested criteria for punitive damage awards.]**

---

[1] O.C.G.A. 51-12-5.1.

## PLAINTIFF'S REQUEST FOR CHARGE NO. 3

## MEDICAL MALPRACTICE STATUTE

In addition to their claim that Defendants Nandamuru and Woods violated the federal constitutional rights of Lori Carroll, Plaintiffs also contend that said Defendants as well as the jail's contract medical provider, Defendant Correctional Healthcare Companies, Inc. or "CHC," are also liable for medical negligence or malpractice under Georgia law.

"A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had."

O.C.G.A. §51-1-27.

## PLAINTIFF'S REQUEST TO CHARGE NO. 4

## GEORGIA PATTERN CHARGES

**The Court is requested to give the state pattern charges on medical negligence.**

## **PLAINTIFF'S REQUEST TO CHARGE NO. 5**

### **Burden of Proof – Medical Causation**

I charge you that in medical negligence cases, the terms "reasonable medical probability" and "reasonable medical certainty" both refer to the standard of proof on the issue of medical causation and mean the equivalent of a "preponderance of the evidence." The "preponderance of the evidence" standard requires only that you, as the finder of fact, be inclined by the evidence toward one side or the other.

*Estate of Ruddy Lee Patterson v. Fulton-DeKalb Hosp. Auth.*, 233 Ga. App. 706 (1998).

*Zwiren v. Thompson*, 276 Ga. 498, 499 (2003) (medical malpractice being a civil cause of action, a plaintiff must prove liability by a preponderance of the evidence; this standard requires only that the finder of fact be inclined by the evidence toward one side or the other).

## PLAINTIFF'S REQUEST FOR CHARGE NO. 6

## PLAINTIFF'S ANTECEDENT NEGLIGENCE

"The plaintiff's antecedent negligence" – that is, anything that the plaintiff might have done to cause her own injury before being treated by the defendant medical provider – "does not absolve the defendant of responsibility for medical malpractice. The fact that the plaintiff initially suffered an injury as a result of plaintiff's own negligence would not be a defense for a doctor [or other medical provider] who subsequently treats the patient for the injury and fails to exercise the standard of care."[2] "The cause of the injury for which [plaintiff] sought treatment has absolutely no relevance to whether she somehow contributed to any of the subsequent injuries sustained as a result of [defendants'] allegedly negligent treatment, diagnosis or abandonment of her."[3]

---

[2] ROYAL ET AL, MEDICAL TORTS IN GEORGIA §4.2 (2013)

[3] *Overstreet v. Nickelsen*, 170 Ga. App. 539, 540, 317 S.E. 2d 583, 585 (1984)

## PLAINTIFF'S REQUEST TO CHARGE NO. 7

## COMPARATIVE NEGLIGENCE AND APPORTIONMENT

Where the alleged negligence is against more than one Defendant and it is contended that Plaintiff's decedent was also negligent in some degree, the Plaintiff is not precluded from recovery against a defendant, unless you find that Plaintiff's decedent was 50 percent or more responsible for the injury or damages claimed.

However, you shall determine the percentage of fault of each Defendant – and also the percentage of the Plaintiff's decedent's fault -- if any -- if the Plaintiff's decedent was less than 50 percent responsible for any injury or damages claimed. You shall apportion the total award of damages, if any, among the Defendants who are liable to the plaintiff by a preponderance of the evidence according to the percentage of fault of each Defendant as reduced by the amount of damages otherwise to the Plaintiff in proportion to Plaintiff's decedent's percentage of fault.

Remember, the Plaintiff is not entitled to recover any damages if you find the Plaintiff's decedent was 50 percent or more responsible for the injury or damage(s) claimed. But if the Plaintiff's decedent had no fault or was less than 50 percent at fault, then the Plaintiff is entitled to recover from each Defendant the amount of damages that you have apportioned to that Defendant, less a reduction for any fault on the part of Plaintiff's decedent.

This charge applies to the negligence claims only and will be dealt with in that portion of the verdict form that will be given to you.

REFERENCE:

Pattern charge 60.141, "Torts; Comparative Negligence (Joint Tortfeasors and Non-Parties)," adjusted to the facts of this case.

## PLAINTIFF'S REQUEST TO CHARGE NO. 8

### Wrongful Death Damages - Full value of life

If the death of Lori Carroll was proximately caused by either the negligence or deliberate indifference of the Defendants, then the Plaintiffs are entitled to recover for the full value of the life of their mother.

The full value of the life of Lori Carroll, as shown by the evidence, is the full value of the life of the deceased to herself, without deduction for necessary or other personal expenses if she had lived. But the full value of the life of the deceased is not limited to the amount of money that could have or would have been earned had the deceased not been killed. You must also consider the intangible factors that make up the value of one's life.

Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. I: Civil Cases, 4th ed.; Tort Damages; Life Expectancy; Full Value of Life (pp. 315-316), 66.304 (tailored to present case).

O.C.G.A. § 51-4-2

O.C.G.A. § 51-4-1

**<u>PLAINTIFF'S REQUEST FOR CHARGE NO. 9</u>**

**<u>Economic and Noneconomic Value of Life</u>**

The "full value of the life of the deceased" has two elements:

> "First, the economic value of the deceased's normal life expectancy; and Second, an intangible element incapable of exact proof, which is measured only by the enlightened conscience of the jury."

The <u>economic</u> value of the deceased's life is based upon lifetime earnings or the economic value of lifetime services. The plaintiff must prove by a preponderance of the evidence the age of the deceased when he died, his probable life expectancy, and his yearly income or the value of his services. From this evidence you would then compute the gross cash value of the deceased's remaining life expectancy.

It is not necessary that the deceased by actually working and earning income at the time of his death. Social Security benefits and other benefits received or to be received may be included to determine the annual earnings of the deceased. In determining the economic value of the deceased's life, you are not bound by any fixed criteria in reaching a verdict.

The "intangible" or <u>noneconomic</u> elements of a person's life cannot be precisely defined. You may consider the age of the deceased at the time of her death, her health, her habits, her independence or lack thereof, her ability to take care of herself and to enjoy life and, all of the facts and circumstances relating to the life she was living at

the time of her death. These are all recognized by the law as intangible elements of the value of the life of the deceased and are part of the proper measure of damages for a wrongful death. There need be no direct or express evidence of the value of any of these elements. These intangible elements are incapable of exact proof. You may also consider such factors as a mother and grandmother's society, advice, example and counsel to her family. You may consider her relationships with her family and friends as well.

Damages under Georgia's wrongful death statute are measured from the decedent's point of view, that is, from the point of view of Lori Carroll herself. In other words, in this case, the measure of damages is not a son's loss from their mother's death, but the mother's loss from not being able to enjoy the remainder of her life.

Damages in a case of wrongful death such as this are to be determined by you after taking into account all of the facts and circumstances of this case as determined by you in your enlightened consciences as jurors.

REFERENCE:

*Standard Oil Company v. Reagan*, 15Ga.App. 571, 589-590, 600, (1915) overruled on other grounds, *Hodges v. Effingham County Hospital Authority*, 182 Ga.App. 173, 178(7) (1987).

*Miller v. Jenkins*, 201 Ga.App. 825,826 (1991). *City of Macon v. Smith*, 117 Ga.App. 363, 374 (8) (1968).

*Fulton Medical Center v. Poe*, 224 Ga.App. 107 (1996).

*Pollard v. Boatwright*, 57 Ga.App. 568 (1938).

## PLAINTIFF'S REQUEST FOR CHARGE NO. 10

### Foreseeability

I charge you that in order for a Defendant to be held liable for negligence, it is not necessary that the Defendant should have been able to anticipate the particular consequences which ensued from his negligent act or omission. It is sufficient to hold the Defendant liable if, in the exercise of ordinary prudence, he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result.

REFERENCE:

*Hospital Auth. of Hall County v. Adams*, 110 Ga. App. 848, 850 (1964)

## PLAINTIFF'S REQUEST TO CHARGE NO. 11

### Negligence – One Act Sufficient

I charge you that while Plaintiffs must prove that a Defendant was negligent in one or more ways alleged in order to recover from that Defendant, it is not necessary for the Plaintiff to prove that one or more Defendants were negligent in every way in which the Plaintiff claims. If you find no negligence at all on the part of any of the Defendants, then that ends the Plaintiff's case. If, however, you find even one act of negligence by any Defendant proximately caused or contributed to the injury and damages sustained by Lori Carroll, that one act of negligence is sufficient to establish liability of that Defendant or Defendants to the Plaintiffs.

REFERENCE:

From Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. I, Charge 60.060 (4th Ed. 2006)

General Seat & Back Mfg. Co. v. Bergen & Sons, Inc., 91 Ga. App. 431, 432-33 (1955)

## PLAINTIFF'S REQUEST TO CHARGE NO. 12

### Effect or Result of Verdict

I charge you that you are not to be concerned with the effect or result of whatever verdict you may render in this case. Your entire responsibility is to find a true verdict under the evidence introduced in this case and the law given you in charge by the Court; and as to the effect or result of such a verdict, that is a matter with which you are not at all concerned.

**REFERENCE:**

McFall v. State, 101 Ga. App. 44, 45(2) (1960) ("I charge you that the jury is not responsible for the consequences of its verdict, but the jury is responsible for the truth of its verdict.") (Approved *Sanborn v. State*, 176 Ga. App. 259, 260 (1985)).

Werk v. Big Bunker Hill Mining Corp., 193 Ga. 217, 234 (1941) (**"**I charge you that you are not concerned with the effect or result of whatever verdict you may render in this case. Your entire responsibility is to find a true verdict under the evidence introduced in the case and the law as given you in charge by the court; and as to the effect or result of such verdict, that is a matter with which you are not at all concerned.").

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing **Plaintiffs' Proposed Jury Instructions** upon the following counsel via electronic filing:

Thomas E. Lavender, III
Alison L. Currie
FISHER BROYLES LLC
945 East Paces Ferry Road NE
Suite 2000
Atlanta, Georgia 30326

Anna Burdeshaw Fretwell
David L. Mize
HUFF, POWELL & BAILEY, LLC
1214 First Avenue
Suite 320
Columbus, Georgia 31901

This 26th day of July, 2017.

*/s/ Craig T. Jones*

CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiffs